United States District Court
Southern District of Texas
**ENTERED**
April 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | MJ ACTION NO. 2:26-MJ-00256 |
| | § | |
| KATHERINE JOHANA MARTINEZ | § | |
| REYNA | § | |

## MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). Detention of the defendant pending trial in this case is necessary because there is a serious risk that the defendant will not appear.

In the instant case, the defendant is charged with illegally re-entering the United States after having been deported. The evidence against the defendant meets the probable cause standard and the weight of the evidence is strong. The defendant is not a citizen of the United States. She has no status to remain or enter the United States. She has previously been ordered deported or removed from the United States and she has been physically removed from this country by immigration authorities.

There is no evidence before the Court, or reason to believe, that the defendant has a viable path to remain in the United States lawfully. The defendant's lack of compliance with immigration laws is an indication the defendant is unwilling to comply with the laws of the United States. Additionally, the nature of the charges and the lack of any lawful status indicate the defendant is capable of living within the United States covertly, which

1 / 2

the undersigned considers as a factor indicating a risk of flight.  While the defendant is presumed innocent, based on the weight of the evidence, there exists a strong probability the defendant will be convicted.  If the defendant is convicted, she will almost certainly be deported again.  If the defendant were released on bond, he would have very little incentive to return to court. The Defendant is ORDERED detained pending trial.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED on April 2, 2026.

Jason B. Libby
United States Magistrate Judge